**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN LASK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHANNA BARBA JONES, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 23-2987 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court upon Plaintiff Susan Lask's ("Plaintiff") appeal of Magistrate Judge Day's July 11, 2023 Letter Order. (ECF No. 11.) Defendants Johanna Barba Jones, Timothy J. McNamara, Chief Justice Stuart J. Rabner, Justice Anne M. Patterson, Justice Lee A. Solomon, Justice Fabiana Pierre-Louis, Justice Rachel Wainer Apter, and Justice Douglas M. Fasciale (collectively "Defendants") did not respond to the appeal. The Court has carefully considered Plaintiff's moving brief and decides the matter without oral argument pursuant to Local Civil Rule ("Local Rule") 78.1. For the reasons set forth below, the Court affirms Judge Day's July 11, 2023 Letter Order.

**I.　BACKGROUND**

　　This matter's underlying facts and procedural history are well known to the parties, and therefore, the Court only recites those facts necessary to resolve the instant dispute.

　　Plaintiff is an attorney admitted to practice law in the State of New York. (Compl. ¶ 1, ECF No. 1.) In May 2023, Plaintiff brought a 42 U.S.C. § 1983 claim against Defendants—who is

comprised of New Jersey Office of Attorney Ethics ("OAE") representatives and sitting Justices of the New Jersey Supreme Court—seeking declaratory relief and injunctive relief. (*See generally* Compl.) In short, Plaintiff alleges that the OAE's ongoing disciplinary investigation[1] of Plaintiff is improper because the Local Rules do not grant the OAE with disciplinary authority over the conduct of attorneys admitted *pro hac vice* in the District of New Jersey. (*Id.* ¶ 28.) Instead, Plaintiff asserts that only the District of New Jersey has jurisdiction over any ethics grievances, and that federal statutes and laws preempt "any state law regarding discipline for conduct [of *pro hac vice* attorneys] in th[is] District Court." (*Id.* ¶¶ 27, 37.)

Plaintiff is represented by counsel, Patricia B. Quelch, Esq., who is admitted to practice law in the State of New Jersey and in this Court, and is in good standing in both. (Quelch Certification ¶ 1, ECF No. 3-1.) A day after filing the Complaint in the instant matter, Plaintiff's counsel filed a motion for leave to appear *pro hac vice* for Plaintiff so that Plaintiff could appear on behalf of herself as co-counsel. (Pl.'s Moving Br., ECF No. 3-2.) Specifically, Plaintiff requested "*pro hac vice* admission to be permitted to appear and participate in this case because of [her] familiarity with this particular case." (*Id.* ¶ 3.)

On July 11, 2023, Judge Day issued a Letter Order, denying Plaintiff leave to appear *pro hac vice*. (Letter Order, ECF No. 11.) This appeal followed.

## II. LEGAL STANDARD

A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Fed. R.

---

[1] The case originates from Plaintiff's previous *pro hac vice* representation of a client in federal court. (*See generally* Compl.) In May 2013, Plaintiff's previous client filed papers regarding Plaintiff's alleged ethical misconduct in relation to a retainer fee; the client also accused Plaintiff of coercing him into a settlement. (*Id.* ¶ 31.) According to the Complaint, the client and his retained counsel "fully articulated the ethics grievances in the [d]istrict [c]ourt" but the client subsequently filed ethics grievances against Plaintiff in a state forum. (*Id.* ¶ 41.)

2

Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149. Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III.   DISCUSSION

Plaintiff asserts a number of arguments in alleging that Judge Day abused his discretion and improperly denied Plaintiff's *pro hac vice* application. Specifically, Plaintiff argues the following: (1) Plaintiff satisfies the requirements of Local Rule 101 which liberally allows *pro hac vice* admission as a matter of comity; (2) *pro hac vice* admission is denied only in serious cases of

3

misconduct, which do not exist in this matter; (3) Judge Day erroneously determined that the case will end with a jury trial and that the attorney-witness rule applies; (4) Judge Day erroneously determined that appearing *pro hac vice* is against Plaintiff's interest; and (5) Judge Day failed to consider that Plaintiff does not have any OAE or ethics violations that create entanglement concerns. (*See generally* Pl.'s Moving Br.) The Court addresses Plaintiff's arguments below.

### A.     Standard for *Pro Hac Vice* Admission

The relevant Local Rule provides that an attorney who is not licensed in New Jersey may practice under *pro hac vice* admission in this district as follows:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court . . . may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case.

L. Civ. R. 101.1(c)(1). Practically, as long as an attorney is in good standing and satisfies the requirements of the Local Rule, courts generally grant *pro hac vice* admission. *Whiteside v. Empire Plaza, LLC*, No. 14-3062, 2014 WL 5437074, at *1-2 (D.N.J. Oct. 24, 2014); *Alliance Shippers, Inc. v. Blue Line Distribution, Ltd.*, No. 09-6243, 2010 WL 1371785, at *1 (D.N.J. Mar. 31, 2010) ("[C]ourts grant admission liberally provided that the application complies with the Local Rules.").

Importantly, the Local Rules grant courts broad discretion to "deny *pro hac vice* admission when circumstances weigh against it." *Whiteside, LLC*, 2014 WL 5437074, at *1-2 ("For example, courts have refused to admit attorneys who behave unprofessionally, or who are needed as witnesses." (citing cases)).

### B.     Analysis

Plaintiff first contends that the "Local Rules contemplate that *pro hac vice* admission is granted liberally and 'as a matter of course[.]'" (Pl.'s Moving Br. 2 (citing *Whiteside*, 2014 WL

4

5437074, at *1-2).) Accordingly, Plaintiff asserts that she should have been granted admission[2] because she satisfies all requirements of the Local Rule. (*Id.* at 1-2.) While it is certainly true that *pro hac vice* admissions are generally granted, admissions are at "the discretion of the Court." *See* L. Civ. R. 101.1(c)(1); *see In re Compl. of PMD Enters. Inc.*, 215 F. Supp. 2d 519, 531 (D.N.J. 2002) ("Admission *pro hac vice* is a privilege[.]").[3] Without delving into whether Plaintiff indeed satisfies all Local Rule requirements, nowhere in the Local Rules does it state that complying with the Local Rules automatically grants a right to *pro hac vice* admission. Indeed, "it is a *necessary but not always a sufficient condition* to be a member in good standing of the bar of another state" for admission *pro hac vice* in this Court. (Letter Order 3.)

Second, Plaintiff appears to assert that she should have been granted leave to file *pro hac vice* because *pro hac vice* admission is denied *only* in "serious cases of misconduct." (Pl.'s Moving Br. 2-3.) As noted by Plaintiff, the Letter Order cited two cases to underscore that *pro hac vice* admission "is a privilege within the purview of the Court." (Letter Order 3.) The underlying facts of the two cited cases involved denial of *pro hac vice* admission based on an attorney's improper conduct. (Letter Order 3 (citing *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 15-7658, 2020 WL 7585741, at *2 (D.N.J. Dec. 21, 2020); *Kohlmayer v. Nat'l R.R. Passenger Corp.*, 124 F.

---

[2] The Court notes that, throughout her brief, Plaintiff seems to equate the Court granting leave to file *pro hac vice* with the Court granting *pro hac vice* admission. (*See generally* Pl.'s Moving Br.)

[3] Plaintiff also admits in her Moving Brief that "*pro hac vice* admission is a privilege and not a right." (Pl.'s Moving Br. 2.)

Supp. 2d 877, 883 (D.N.J. 2000)).)[4] That is not to say, however, that *pro hac vice* admission may not be denied in other instances based on the court's discretion. For example, courts have denied *pro hac vice* admission when an attorney is needed as a witness in trial. *Whiteside*, 2014 WL 5437074, at *1-2 (citing *Nat'l Sec. Sys. v. Iola*, No. 00–6293, 2009 WL 3756897, at *1 (D.N.J. Nov. 6, 2009)).

Third, Plaintiff seemingly argues that Judge Day's concerns regarding Plaintiff appearing as a witness are nonexistent because the case does not involve a jury trial. (Pl.'s Moving Br. 3-4.) As an initial matter, the Court agrees with Judge Day that Plaintiff is likely a necessary witness in this matter. Indeed, Plaintiff emphasizes that she "is an attorney who has deep familiarity with this case involving her over the past eleven years." (Pl.'s Moving Br. 5.) As a witness, it is likely that her testimony will materially conflict with the testimony of the defense and their witnesses. As such, "Defendants may be prejudiced by Plaintiff's admission as counsel *pro hac vice* because [her] status as counsel and witness may unduly complicate discovery and [her] dual role may create an improper inference that [her] testimony is more credible than that of Defendants' witnesses." *Grant v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, No. 08-555, 2009 WL 855831, at *3 (D. Haw. Mar. 30, 2009). That the trier of fact is the Court and not a jury does not make such

---

[4] Needless to say, the Letter Order does not depend upon the underlying facts of the cited cases to deny *pro hac vice* admission. The Letter Order cites *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2020 WL 7585741, at *2, only to establish that "[t]he decision to permit or deny admission *pro hac vice*, even to an attorney in good standing of his/her state bar, is within the discretion of the Court." (Letter Order 3.) Similarly, the Letter Order uses a *see also, e.g.* signal to state that a number of cases, such as *Kohlmayer*, 124 F. Supp. 2d at 877, support the proposition that "a court has discretion to deny an application [for admission *pro hac vice*] regardless of past or present disciplinary actions and regardless of present 'good standing' status in the bar of his or her home state." (*Id.*) In short, both cases were cited to underscore that the Court has discretion to permit or deny admission *pro hac vice*. The cases were *not* cited to imply that Plaintiff engaged in serious misconduct—in fact, the Court clarified such in the Letter Order. (Letter Order 7 ("[T]his order is not a judgment on the merits of [Plaintiff]'s suit, nor should it be understood to express a view as to whether [Plaintiff] previously engaged in misconduct while admitted *pro hac vice* in this Court").)

6

entanglement any less complicated or improper. *C.f. Morrison v. Kimmelman*, 650 F. Supp. 801, 806-07 (D.N.J. 1986) (finding that "[t]he judge in a bench trial is, in effect, the sole juror" and thus "draw[ing] an artificial distinction between bench trials and jury trials . . . unnecessarily burden[s] the free exercise of the decision whether or not to waive trial by jury . . . [and] also unduly prejudice[s] the defendant[.]")

Notably, New Jersey Rule of Professional Conduct ("RPC") 3.7 provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" subject to three exceptions.[5] N.J. R. Prof. Conduct 3.7. While Plaintiff is correct that RPC 3.7 refers to trials and not pre-trial proceedings (Pl.'s Moving Br. 4-5), the Letter Order adequately addressed that a court may, in its discretion, disqualify an attorney during the pre-trial stage of proceedings. (Letter Order 5-6 (citing *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.*, No. 10-1453, 2012 WL 4660865, at *3 (D.N.J. Oct. 1, 2012)).)

Moreover, the Court agrees with Judge Day that Plaintiff fails to establish that denial of her leave to file *pro hac vice* in this matter will equate to "substantial hardship" within the meaning of RPC 3.7. Here, Plaintiff is represented by an "able attorney[] who [is] more than capable of handling this case[,]" *Grant*, 2009 WL 855831, at *3, and has already "filed a complaint and multiple motions with supporting papers on [Plaintiff]'s behalf[.]" (Op. 6.) That Plaintiff "*wants* to be counsel in her own case" is an insufficient reason to grant leave to appear *pro hac vice*. (*See* Pl.'s Moving Br. 5.) As stated in the Letter Order, Plaintiff can still fully assist her counsel in her capacity as a client and/or a party in representing her interests in this Court. (*See* Op. 6-7.) *See*

---

[5] Exceptions to RPC 3.7 are as follows: "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." N.J. R. Prof. Conduct 3.7. Plaintiff does not allege that the exceptions apply here.

7

*Grant*, 2009 WL 855831, at *3 (stating that "plaintiff can still share [her] factual knowledge with counsel as a witness and a consultant.").

Fourth, Plaintiff argues that Judge Day improperly took the position that appearing *pro hac vice* is not in Plaintiff's best interest and that appearing *pro se* "would be better." (Pl.'s Moving Br. 5-6.) Nowhere in the Letter Order did the Court make such findings or representations.[6] Indeed, an individual party to a civil action in federal court has the statutory right to represent herself *pro se*. 28 U.S.C. § 1654. Plaintiff seems to ask for more, however, going so far as to contend that she should have the right to represent herself *with* co-counsel. (Pl.'s Moving Br. 5-6.) If Plaintiff wishes to proceed *pro se*, she must do so *without* representation by counsel.[7] This Court cannot agree with Plaintiff's interpretation of the Letter Order as one that improperly advises Plaintiff of what her best interests are.

Lastly, Plaintiff argues that there are no OAE or ethics violations that would create risk of entanglement between the merits of the suit and concerns about the propriety of Plaintiff's potential admission. (Pl.'s Moving Br. 6-7; *see* Op. 6.) As this Court previously noted, an OAE or ethics violation, or any misconduct for that matter, is not the only means by which a Court may

---

[6] Plaintiff hones in on a block quote that the Court cited to underscore that "the Supreme Court has cautioned against an attorney representing [her]self." (Letter Order 5.) Specifically, Plaintiff cherry-picks a line in the block quote—"[t]he adage that 'a lawyer who represents himself has a fool for a client' is the product of years of experience by seasoned litigators"—to allege that the Court characterized Plaintiff as "a fool for a client" and advised Plaintiff that she should not represent herself. (Pl.'s Moving Br. 5-6 (citing Letter Order 5).) Plaintiff also refers to the Letter Order's last sentence—"[Plaintiff] may, if she truly wishes, elect to represent herself *pro se*" (Letter Order 7)—to argue that the Letter Order is full of "contradictions" because the Court bounces back and forth between discouraging against and advising for Plaintiff's self-representation. (*Id.* at 5-6.)

[7] Plaintiff cites *Dwyer v. Cappell*, 762 F.3d 275 (3d Cir. 2014), to argue that an attorney who was being investigated by the OAE was able to "represent himself for years[.]" (Pl.'s Moving Br. 6.) The case, however, did not involve an attorney appearing *pro hac vice* jointly with retained counsel and thus the case is not "identical to the one at bar" as alleged by Plaintiff. (*Id.*)

8

deny *pro hac vice* admission. Moreover, the Court reminds Plaintiff that "[t]he essential purpose of our rules regarding special admission is not to protect an interest of the parties but to allow the court to efficiently administer justice, to manage its docket and those permitted to practice on it, and to preserve the integrity of the judiciary." *Advanced Fluid Sys., Inc. v. Huber*, 381 F. Supp. 3d 362, 380-81 (M.D. Pa. 2019), *aff'd*, 958 F.3d 168 (3d Cir. 2020). As such, the Court agrees with Judge Day. Plaintiff is before the Court to dispute an underlying disciplinary investigation that arises from Plaintiff's alleged misconduct while she was admitted in this Court *pro hac vice*. For this Court to efficiently administer justice and preserve the judiciary's integrity, the Court has the authority to deny Plaintiff's motion to avoid "serious and untenable risk of entanglement between the merits of the suit and concerns about the propriety of her present admission, if granted." (Op. 6.)

In sum, Plaintiff fails to meet her burden of showing that Judge Day's decision was clearly erroneous or contrary to law. The Court, therefore, finds that Judge Day did not abuse his discretion in denying Plaintiff's motion for leave to appear *pro hac vice*.

### IV.    CONCLUSION

For the reasons stated above, the Court affirms Judge Day's July 11, 2023 Letter Order and Plaintiff's appeal is denied. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**